GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION LIMITED, a corporation, Appellant,

v.

Marjorie M. SNOW and Fern Wilson, Executrices of the Last Will and Testament of Claude M. Snow, Deceased, dba Snow Insecticide Company, Appellees.

No. 19042.

United States Court of Appeals Ninth Circuit.

May 25, 1964.

Mautz, Souther, Spaulding, Kinsey & Williamson, and Kenneth E. Roberts, Portland, Or., for appellant.

William F. White, White, Sutherland & White, Robert A. Bennett; Portland, Or., for the appellees.

Before ORR, MERRILL and DUNIWAY, Circuit Judges.

ORR and DUNIWAY, Circuit Judges.

We affirm the judgment of the trial court on the grounds and for the reasons stated in its opinion, Waterman Steamship Corp. v. Snow, 222 F.Supp. 892 (D. Ore.1963).

MERRILL, Circuit Judge (dissenting).

The district court has found that the lingering presence in the ship's hold of the noxious fumes causing injury to the longshoreman was due to over-application or over-concentration of the sprays used, and that Snow was guilty of negligence in spraying in this fashion and in failing to give adequate warning of the dangerous condition of the premises. The court

concluded that the "primary operation" of fumigation had been completed and was excluded from coverage under Snow's insurance policy by the products-hazard exclusion.

I agree.

I disagree that Snow's act in giving to the longshoremen a few hours after the spraying a certificate that the hold was safe constituted a "new operation" not excluded from coverage. One who performs an operation which renders premises unsafe has a duty to see that the unsafe condition is made known. Neither a failure to give warning nor an express invitation to enter is to me (under circumstances such as existed here) an act of negligence independent of the operation which created the hazard.

In my judgment, Snow, in purchasing his policy from appellant, should have paid the extra premium for products liability coverage to protect against just such a contingency as this. If he had cause to believe that he had purchased such insurance he should have sought reformation.

Accordingly, I dissent.